## 11532

### NEUSS, HESSLEIN & CO. v. BAMBERG, E. & W. RAILWAY CO.

#### (123 S. E., 327)

1. CONTINUANCE—ALLOWING PLAINTIFF TO WITHDRAW CASE FROM JURY AND CONTINUE IT OVER TERM HELD WITHIN TRIAL COURT'S DISCRETION.—Refusing defendant's motion for a nonsuit, after excluding certain testimony and allowing plaintiff to withdraw case from jury and continue it over the term, *held* within trial Court's discretion.

2. TRIAL—DEFENDANT WITHDRAWING OBJECTION TO REFUSAL OF MOTION FOR A NONSUIT CANNOT QUESTION THAT RULING ON APPEAL.—Where defendant withdraws his objection to a refusal of his motion for a nonsuit and a continuance of the case, it cannot question that ruling on appeal.

3. CARRIERS—INITIAL CARRIER FAILING TO GIVE NOTICE OF DISALLOWANCE OF CLAIMS HELD LIABLE IN SUIT INSTITUTED AFTER EXPIRATION OF TWO-YEAR PERIOD.—Where initial carrier failed to give notice that it disallowed a written claim for loss of goods which it had knowledge was filed with connecting carrier within six months, initial carrier is liable, though suit was not brought within two years and one day from date payment was denied by connecting carrier.

Before FEATHERSTONE, J., Bamberg, November, 1923. Affirmed.

Action by Neuss, Hesslein & Co. against Bamberg, Ehrhardt & Walterboro Railway Co. and others. From a judgment entered on directed verdict in favor of plaintiff, the named defendant appeals.

The exceptions follow:

It is respectfully submitted that his Honor, the Circuit Judge, erred in the following particulars:

First.    In overruling defendant's motion for a nonsuit after ruling out as incompetent all of plaintiff's testimony *"de bene esse"*; the error being that plaintiff had no evidence on which to base a verdict with this testimony out, and, as the plaintiff had announced ready and was already proceeding with its case before the jury it was improper to refuse the nonsuit and allow the plaintiff to withdraw the case from the jury and continue it over the term.

Second.    In refusing defendant's motion for a directed verdict; the error beng that all the uncontradicted testimony shows that defendant peformed its full duty in every particular with regard to the shipment of goods in question, and plaintiff voluntarily slept on its rights by waiting more than two years after Federal control to bring the suit, thus releasing from any and all liability under any circumstances the Director General, all to the detriment of this defendant, and plaintiff should not be allowed to profit by its own neglect as against the rights of this defendant, who, by reason of plaintiff's neglectful conduct is barred now from a recovery against the Drector General, under whose control the goods were lost by the connecting carrier, as clearly shown by the testimony.

Third.    In granting plaintiff's motion for a directed verdict under the Carmack Amendment to the Interstate Commerce Act; the error being that the evidence and record show clearly that plaintiff had not complied with the requirements of said Act which are prerequisite to a recovery, in that suit was not started within two years from date payment of claim was denied, claim was never filed against this defendant, and no claim was ever filed with any of the three defendants mentioned in this suit, and was only filed with the Clyde Steamshp Company, and then not within the limit prescribed in said Act, and this defendant was accordingly not notified within the proper time, and for these reasons the directed verdict was improper, erroneous, and should have been refused.

*Mr. R. P. Bellinger,* for appellant, cites: *Continuance should not have been granted:* 6 R. C. L., 560, 561; 82 S. C., 236; 101 S. E., 282; 10 R. C. L., 396. *Suit not started within time limit:* 113 S. E., 69; 105 S. C., 343; 20 Ga. App., 467; 148 N. C., 33; 114 S. E., 823; 114 S. E., 365.

*Mr. J. A. Mace* for respondent.

June 9, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a directed verdict in favor of the respondent against the appellant, by his Honor, Judge Featherstone, at the November, 1923, term for Bamberg County.

1, 2   Exception 1 is overruled, as his Honor, in the exercise of his discretion, had the right to make the ruling that he did, and for the reason that the appellant withdrew his objection and proceeded with the case, and cannot now be allowed to question his Honor's ruling.

Exceptions 2 and 3 are overruled.

3   The claim was filed within six months. The appellants admit that they knew the claim was filed with the Clyde Steamship Company. The suit was brought eight days after the two years expired.

No other inference can be drawn from the evidence than that the appellant (the initial carrier) was notified that the claim had been filed in proper time with the Clyde Steamship Company.

The evidence shows that the terminal carrier made every effort to trace and locate the goods, and the initial carrier, the appellant, made no effort to assist the terminal carrier therein, did not even reply to their letters of inquiry.

The initial carrier is liable for loss no matter where the loss occurred. While suits must be brought within two years and one day, the bill of lading had this proviso:

"That in case the claim on which suit was based was made in writing within six months suit· shall be instituted not later than two years· and one day after notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice."

This appellant failed to do.

All exceptions are overruled and judgment affirmed. ·

MESSRS. JUSTICES FRASER and MARION concur.

MR. JUSTICE COTHRAN: I dissent. The liability of the initial carrier under the Carmack Amendment (U. S. Comp. St., §§ 8604a, 8604aa), is coupled with its right to be reimbursed by carrier causing the loss. The consignee having released the intermediate carrier (Director General), who was the real carrier in default, by delaying suit for more than two years, has deprived the innocent, though legally responsible, initial carrier. of a valuable right, and should be held estopped from proceeding against it.

MR. CHIEF JUSTICE GARY did not participate.